UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDRA JOSEPHINE
DROUHARD,

     Plaintiff,

v.                                                          Case No.:  2:26-cv-29-SPC-NPM

LISA P. KIRBY, LAW OFFICES
OF LISA P. KIRBY, P.A.,
CASSANDRA HENDERSON,
JESSE ANDREW RENDA, and
ROSEANN K. ALBERTARIO,

     Defendants.

---

**OPINION AND ORDER**

Before the Court are: (1) pro se Defendant Cassandra Henderson's Amended Motion to Dismiss (Doc. 16) and pro se Plaintiff Alexandra Drouhard's response (Doc. 26); (2) pro se Defendant Jesse Renda's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 20) and Drouhard's response (Doc. 25); and (3) Defendants Lisa Kirby and Law Offices of Lisa P. Kirby, P.A.'s Amended Motion to Dismiss (Doc. 19)

and Drouhard's response (Doc. 24).[1]  For the following reasons, the motions are granted.

## Background[2]

Drouhard, a minor child's mother, is a party to a family law proceeding in the Twentieth Judicial Circuit in Lee County, Florida, *Renda v. Drouhard*, Case No. 12-DR-3061.  (Doc. 1 ¶ 56).  Henderson represented Drouhard in the matter until June 2023.[3]  (*Id.* ¶¶ 62, 110).  Kirby, a principal at Law Offices of Lisa Kirby, P.A., represented Renda, the minor child's father.  (*Id.* ¶¶ 58, 60, 66).  While the state proceeding was ongoing, Renda filed an emergency petition to modify the existing timesharing agreement, raising concerns regarding Drouhard's mental health and the child's best interests.  (Doc. 16 at 2).  The state court appointed Albertario as the child's guardian ad litem.  (Doc. 1 ¶ 68).

On August 30, 2022, Judge Elisabeth Adams conducted an emergency hearing in state court.  (Doc. 1 ¶ 3).  After the hearing, Judge Adams signed a handwritten order containing five provisions.  (*Id.* ¶¶ 82–84).  Drouhard alleges that the Amended Order, filed in September 2022, contained three

---

[1] The Court refers to Kirby, Law Offices of Lisa Kirby, Henderson, and Renda collectively as "Defendants."  The Court previously dismissed Defendant Roseann Albertario based on her immunity.  (Doc. 34).

[2] The Court accepts the well-pleaded facts in the complaint (Doc. 1) as true and construes them in the light most favorable to Drouhard.  *United States v. Jallali*, 478 F. App'x 578, 579 (11th Cir. 2012).

[3] It is unclear when Henderson began representing Drouhard.

provisions that Judge Adams never ordered. (*Id.* ¶ 15(d)). As a result, Drouhard suffered a loss of parental rights and financial harm. (*Id.* ¶¶ 33–34). These actions were allegedly fraudulent and part of an ex parte conspiracy among Henderson, Renda, Kirby, and Albertario to deprive her of her constitutional rights, her property interest in child support payments, and her liberty interest in the care and custody of her minor child. (*Id.* ¶¶ 5, 36–40).

On January 7, 2026, Drouhard filed a 52-page, single-spaced complaint under this Court's federal question jurisdiction. She brings nine claims: deprivation of due process under 42 U.S.C. § 1983 against Kirby (count I), Henderson (count II), Renda (count III), and Albertario (count IV); legal malpractice against Henderson (count V); breach of fiduciary duty against Henderson (count VI); fraud against all Defendants (count VII); unjust enrichment against Renda (count VIII); and vicarious liability for fraud against Law Offices of Lisa P. Kirby, P.A. (count IX).

In her prayer for relief, Drouhard asks that the Court assume jurisdiction; issue declaratory judgment that Defendants' conduct violated her due process rights; award compensatory damages including, but not limited to "[a]t least $15,283.98 in lost child support payments based on the existing order, plus prejudgment interest, or alternatively $46,077.85 if the Court finds that Plaintiff's pending increase petition would have been granted but for the fraudulent abatement;" damages for loss of parental rights, time-sharing, and

3

emotional distress; costs and expenses incurred challenging the fraudulent order and litigating this case; all other economic and non-economic damages proven at trial; punitive damages against all Defendants; reasonable attorneys' fees and costs; and prejudgment and post-judgment interest.

## Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a claim when that court lacks subject matter jurisdiction. A party can move to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction by either facial or factual attack. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). When a party sues in federal court, that party "must allege facts that, if true, show federal subject-matter jurisdiction over her case exists." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). If possible, defective jurisdictional allegations should be amended. *See id.*; 28 U.S.C. § 1653.

To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a

court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678.

Pro se complaints are construed liberally and held to less stringent standards than formal pleadings that lawyers draft. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But this leniency has its limits. Courts neither "serve as de facto counsel for a [pro se] party," nor "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (citation omitted).

### Analysis

Defendants raise numerous arguments for dismissal. In the interest of judicial economy, the Court only discusses certain jurisdictional and case-dispositive arguments below.

### A. *Rooker-Feldman*

Kirby and Renda argue *Rooker-Feldman* bars this case. (Doc. 19 at 8; Doc. 20 at 1). "The *Rooker-Feldman* doctrine 'is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments.'" *Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024) (quoting *Alvarez v. Att'y Gen. of Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012)). "Under *Rooker-Feldman*, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States District Court, based on the losing party's claim that the state judgment

itself violates the loser's federal rights.'" *Id.* (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

*Rooker-Feldman* does not bar Drouhard's claims. For the doctrine to apply, "the federal action must be filed after the state proceedings have ended." *Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In other words, "the state court must have rendered judgment before the district court proceedings commenced." *Id.* at 1274. But Drouhard alleges that the "underlying family case (No. 12-DR-3061) remains ongoing." (Doc. 1 ¶ 11). Kirby also states in her motion that "there is an ongoing state judicial proceeding." (Doc. 19 at 10). Ultimately, because Drouhard commenced this action "before the end of state proceedings . . . the *Rooker-Feldman* doctrine does not apply here." *Nicholson*, 558 F.3d at 1274; *see also Coleman v. Fla. Dep't of Child. & Fam. Servs.*, No. 14-61019-CIV, 2017 WL 11886003, at *17 n.3 (S.D. Fla. Aug. 16, 2017), *report and recommendation adopted*, 2017 WL 11885998 (S.D. Fla. Sept. 28, 2017) ("It is also worth noting that *Rooker-Feldman* does not apply to interlocutory state court orders but only to federal cases brought 'after the state proceedings ended.'").

## B. *Younger* Abstention

Next, Kirby and Renda argue that the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971), because the underlying family case is

6

pending in state court. (Doc. 19 at 10; Doc. 20 at 2). The *Younger* abstention doctrine "requires a federal court to abstain where a plaintiff's federal claims could be adjudicated in a pending state judicial proceeding." *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 907 (11th Cir. 2023) (citation omitted). If a federal lawsuit overlaps with state proceedings, the federal court considers three factors when determining whether to interfere: (1) if the state proceeding is "ongoing"; (2) if the state proceeding implicates an "important state interest"; and (3) if the state proceeding provides an "adequate opportunity" to raise the federal claim. *Id.* at 908 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Domestic-relations cases invoke an important state interest. *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1548 (11th Cir. 1996) (noting that *Younger* abstention applies if "important state interests are at stake—namely, the state's interest in preserving the integrity of . . . its domestic relations cases").

Although Drouhard tries to couch her claims as constitutional violations to ensure this Court maintains jurisdiction, she asks the Court to wade into an ongoing state domestic proceeding and conclude that the state court order does not reflect what the judge ruled. As explained above, the state court proceeding is ongoing. Given the state-court proceeding is ongoing, domestic matters implicate an important state interest, and the state court provides her an adequate opportunity to raise her "constitutional" concerns, *Younger*

7

abstention is warranted.  *Cf. Narciso v. Walker*, 811 F. App'x 600, 601 (11th Cir. 2020) (affirming *Younger* abstention applied to § 1983 case arising from child custody dispute in which the plaintiff asked the court to strike state court orders as unconstitutional).

But there is a catch.  While *Younger* abstention appears appropriate here, it only justifies dismissal of a request for injunctive relief.  *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("[E]ven if the *Younger* doctrine requires abstention here, the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding."); *Pompey*, 95 F.3d at 1552 n.12 ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles.") (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)).  In her prayer for relief, Drouhard requests declaratory and monetary relief, but not injunctive relief, so dismissal is not warranted.[4]  (Doc. 1 at 51–52).  Only a stay of this case would be appropriate under *Younger*.  Nevertheless, the following reasons justify dismissal of this action in its entirety.

## C.    Domestic Relations Exception

Kirby argues the domestic relations exception bars jurisdiction.  (Doc. 19 at 15).  On this point, the Court agrees abstention is warranted.

---

[4] The parties dispute whether exceptions to *Younger* apply.  Because the Court does not order any relief based on *Younger*, it does not analyze the exceptions.

"The federal judiciary has traditionally abstained from deciding cases concerning domestic relations," including child custody cases. *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988). "As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Id.* "Courts frequently apply this domestic relations exception to cases involving diversity jurisdiction but have split on whether it applies to cases involving federal question jurisdiction." *Amelio v. Omlor*, No. 8:26-CV-184-KKM-LSG, 2026 WL 539133, at *2 (M.D. Fla. Feb. 26, 2026) (citing *Ingram*, 866 F.2d at 370–72). "The Eleventh Circuit has not expressly answered this question." *Id.* However, the court recognized that some courts apply the doctrine to federal question cases "when the federal court would necessarily become enmeshed in the domestic factual disputes." *Ingram*, 866 F.2d at 372.

"District courts in this Circuit have similarly applied the domestic relations exception to cases arising under federal question jurisdiction when hearing the dispute would 'deeply involve' the courts in 'adjudicating domestic matters.'" *Amelio*, 2026 WL 539133, at *3 (quoting *Deaton v. Stephens*, No. 2:23-cv-713-RDP, 2023 WL 6131452, at *8 (N.D. Ala. Sep. 19, 2023) (quoting *Murphy v. Alabama*, 2020 WL 7395139, at *3 (S.D. Ala. Dec. 16, 2020)) (collecting cases); *see also Scott v. Shaw*, No. 3:25-cv-974-TKW-HTC, 2025 WL

9

3522132, at *2–3 (N.D. Fla. Nov. 12, 2025), *report and recommendation adopted*, 2025 WL 3517862 (N.D. Fla. Dec. 8, 2025) (applying the domestic relations exception to abstain from hearing claims involving a child custody dispute); *Jones v. Madison Cnty. Dep't of Hum. Res.*, No. 5:25-cv-261-LCB, 2025 WL 1347477, at *2–3 (N.D. Ala. May 8, 2025) (declining to exercise jurisdiction under the domestic relations exception to adjudicate claims stemming from a disputed child custody matter); *Holcomb v. Lake Cnty. Cir. Ct.*, No. 5:24-cv-382-TJC-PRL, 2025 WL 487975, at *1 (M.D. Fla. Feb. 15, 2025) (declining to hear an alimony issue under the exception and stating that "[e]ven where a party raises due process concerns that might implicate federal question jurisdiction, the Court should still abstain [from adjudicating the claim] if doing otherwise would cause it to 'become enmeshed in the domestic factual disputes' " (quoting *Ingram*, 866 F.2d at 372))).

The Court finds these cases highly persuasive. Here, Drouhard's theory is that the September 2022 state court order is invalid because it allegedly contains provisions the judge did not authorize. She challenges provisions in the order addressing parental responsibility, visitation, and child support—all core domestic relations matters. Drouhard alleges that her injuries, including loss of child support, loss of parental rights, emotional distress, flow directly from the state court order. (Doc. 1 ¶¶ 35, 128). Indeed, Drouhard asks the Court to award lost child support payments if it finds that her pending petition

10

would have been granted but for the fraudulent abatement.  Given her request, to adjudicate this case, the Court would have to delve into the facts underlying the domestic relations dispute.

The Court agrees with Kirby's argument that "Drouhard cannot repackage her disagreement with the state court Order as a federal civil rights claim." (Doc. 19 at 8).  She cannot obtain the relief she seeks without this Court determining that the state court order is invalid because it contains provisions Judge Adams never intended.  Ultimately, addressing Drouhard's claim that Defendants violated her due process rights would require the Court to intrude into ongoing state court domestic relations proceedings.  This the Court will not do.  Thus, the Court abstains from adjudicating this case under the domestic relations exception and dismisses the action.

**D.    State Actor**

Even if the domestic relations exception did not apply, Drouhard's case fails for yet another reason.  Defendants argue that Drouhard fails to state a § 1983 claim because she fails to allege state action.  (Doc. 16 at 6; Doc. 19 at 11; Doc. 20 at 1).  For these reasons, the Court agrees.

Section 1983 "protects against acts attributable to a State, not those of a private person."  *Lindke v. Freed*, 601 U.S. 187, 194 (2024); *Higdon v. Smith*, 565 F. App'x 791, 792 (11th Cir. 2014) ("To prevail in a § 1983 suit, a plaintiff must show that the defendant is a state actor.") (citing *Rayburn ex rel. Rayburn*

11

*v. Hogue,* 241 F.3d 1341, 1347 (11th Cir. 2001)). "To establish a § 1983 claim, the plaintiff must show that the conduct complained of (1) was committed by a state actor and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Yeh Ho v. Sabocik,* 775 F. App'x 551, 554 (11th Cir. 2019) (quoting *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992)) (internal quotation marks omitted). "Only in rare circumstances can a private party be viewed as a state actor for section 1983 purposes." *Id.* (cleaned up). "To be considered a state actor for purposes of § 1983, a private party must have exercised a traditionally exclusive public function, acted in concert with public officials, or engaged in conduct compelled by the state." *Id.* (cleaned up).

Here, Drouhard alleges that Kirby and Henderson (private lawyers) and Renda (a private individual) acted under color of state law through joint action with a state actor—namely Albertario, the court-appointed guardian ad litem. (Doc. 1 ¶ 130). Specifically, they "reached a meeting of the minds with a court-appointed Guardian ad Litem (a state actor) to accomplish an unlawful objective—to procure filing of an order that did not reflect the judge's ruling[.]" (*Id.* ¶¶ 5, 131, 141, 152). She also alleges in a conclusory manner that Henderson and Kirby acted under color of state law. (*Id.* ¶ 155).

The Court finds that the allegedly unconstitutional actions were taken not by State personnel, but by private actors. Yes, Albertario received a court

appointment. But numerous courts in this Circuit have found that "being a court-appointed representative or guardian did not make any of those individuals an employee or officer of the State or a state actor." *Rudnikas v. Gonzalez*, No. 1:23-21201-CIV, 2024 WL 4635531, at *4 (S.D. Fla. Sept. 6, 2024) (citing *McIndoo v. Broward County*, 750 F. App'x 816, 820 (11th Cir. 2018) ("That [a court-appointed attorney] and [a court-appointed best interest advocate for the plaintiff's son] were appointed by the state court is also insufficient by itself to transform them into state actors."); *Higdon*, 565 F. App'x at 793  (holding that guardian was not state actor although "appointed by the state as a guardian, and the state regulated her conduct"); *Carvel v. Godley*, No. 08-61831-CIV, 2009 WL 10697626, at *4 (S.D. Fla. Dec. 14, 2009) (appointment as personal representative "does not convert a private person into a state actor"), *report and recommendation adopted*, 2010 WL 11595293 (S.D. Fla. Jan. 13, 2010), *aff'd*, 404 F. App'x 359 (11th Cir. 2010)). The complaint does not contain facts establishing anything to the contrary.

Additionally, the private attorneys in this case did not act under color of state law by drafting proposed orders for submission to the state court. "A private actor may be liable under § 1983 if the alleged deprivation was caused by the exercise of a right or privilege created by the state or a state actor (like garnishment or replevin) and the private actor acted with or obtained significant help from the state actor or engaged in conduct 'otherwise

chargeable to the State.'" *Kirkland v. Fugate*, No. 8:17-CV-3072-T-17TBM, 2018 WL 10087060, at \*2 (M.D. Fla. Jan. 9, 2018) (quoting *Wyatt v. Cole*, 504 U.S. 158, 161–62 (1992)).  Even so, "[a] privately-retained attorney is not a state actor."  *Id.*; *Yeh Ho*, 775 F. App'x at 554 (claims against defendants arising from their actions while representing plaintiff's brother as private attorneys in state-court proceedings concerning guardianship and probate matters failed because defendants could not be considered state actors for purposes of § 1983).  The allegations in this case do not state a plausible claim against the attorneys or Renda under those limited circumstances.  *See Kirkland*, 2018 WL 10087060, at \*2 (finding a plaintiff failed to state a § 1983 claim against a public defender).  And generally, the Eleventh Circuit has found that "[t]he fact that the defendants engaged in the state-court process and obtained court orders is insufficient to make them state actors."  *Yeh Ho*, 775 F. App'x at 554; *Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or judgment is not engaged in state action merely because [he] used the state court legal process.").

In sum, Drouhard has alleged no facts that would justify treating the alleged unconstitutional actions of private individuals as the actions of the

14

State.  Thus, the Court dismisses the remaining § 1983 claims (counts I–III) on the alternative basis of failure to allege state action.[5]

## D.    Supplemental Jurisdiction

With all federal claims dismissed, the Court considers the rest of the claims, all of which arise under state law.  The limited jurisdiction of federal courts generally does not extend to state law claims.  Federal courts may exercise supplemental jurisdiction "when the state claims arise out of a common nucleus of operative fact with a substantial federal claim."  *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 865 (11th Cir. 2022) (quotation marks and citation omitted).  But the Eleventh Circuit and the Supreme Court encourage courts to dismiss state claims when the federal claims have been dismissed.  *See id.* at 866 ("A district court, exercising its already broad discretion, will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed.").  Here, with no federal claims remaining, the Court declines to exercise supplemental jurisdiction over Drouhard's state law claims.

## E.    Futility of Amendment

The Eleventh Circuit ordinarily requires that a court give a pro se plaintiff "at least one chance to amend the complaint before the district court

---

[5] The Court already dismissed count IV, a § 1983 claim against Albertario.  (Doc. 34).

dismisses the action with prejudice." *Amelio*, 2026 WL 539133, at *4 (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citation modified)). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (per curiam).

Here, the Court finds that amendment would be futile. The complaint does not allege facts anywhere close to rendering Albertario or any other defendant a state actor under § 1983, and no amendment would change the propriety of abstention under the domestic relations exception. *Cf. Yeh Ho*, 775 F. App'x at 554–55 (affirming district court's dismissal of complaint without leave to amend); *Higdon*, 746 F. App'x at 801 (affirming a district court's dismissal without leave to amend when there was "no way that new factual allegations would change the outcome").

Accordingly, it is now

**ORDERED:**

1. Defendant Cassandra Henderson's Amended Motion to Dismiss (Doc. 16) is **GRANTED**.

2. Defendant Jesse Andrew Renda's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 20) is **GRANTED**.

3. Defendants Lisa P. Kirby and Law Offices of Lisa P. Kirby, P.A.'s Amended Motion to Dismiss (Doc. 19) is **GRANTED**.

4. Plaintiff's case is **DISMISSED without prejudice** without leave to amend.

5. The Clerk is **DIRECTED** to enter judgment, deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

17